Filed 4/9/15  P. v. Cervantes CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> VALENTINE CERVANTES, <br><br> Defendant and Appellant. | F068409 <br><br> (Super. Ct. No. F12904610) <br><br> **OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan and Ralph Nunez,† Judges.‡

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

*Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

†Retired Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

‡Judge Kapetan presided over defendant's change of plea hearing.  Judge Nunez sentenced defendant.

## PROCEDURAL AND FACTUAL SUMMARY

Defendant Valentine Cervantes was charged in a felony criminal complaint filed on June 26, 2012, with second degree robbery, a felony (Pen. Code, § 211).[1]  The robbery allegedly occurred on January 14, 2012.  The complaint alleged that defendant used a rifle within the meaning of section 12022.5, subdivision (a).  The People elected to try defendant, who was over 16 years old when the robbery occurred, as an adult pursuant to Welfare and Institutions Code section 707, subdivision (d).

The proceedings were continued for over nine months, with time waivers by defendant, until the preliminary hearing was conducted on March 27, 2013.  The first amended criminal felony complaint was further amended to allege defendant used a gun pursuant to section 12022.53, subdivision (b), his birthdate was in May 1995, and the robbery occurred on November 15, 2011.

At the preliminary hearing, Officer Vincent Patlan testified he contacted Wesam Musa who worked at the Star Discount Store in Firebaugh to investigate a robbery.  Musa told Patlan that one assailant was armed with a gun and the other was armed with a knife.  The assailant with a knife was wearing a black ski mask, a black hooded sweatshirt, and gloves.  The assailant with a gun was wearing a gray sweater with a red bandana around his face.  The assailants ordered Musa to give them all of his money or they would shoot him.  Musa gave them $800.  The robbery was captured on video.[2]

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

[2]There was confusion during the preliminary hearing concerning the date of the robbery. Patlan initially testified the robbery occurred on January 14, 2012.  On cross-examination, Patlan said the robbery occurred in November of 2012.  Given the fact the original complaint was filed in June 2012, the November 2012 date was chronologically impossible.  Sergeant Salvador Raygoza testified at the preliminary hearing that he arrested defendant and a codefendant in Mendota on February 25, 2012.  Raygoza explained the Firebaugh robbery occurred on November 15, 2011, and Patlan had made a mistake when he prepared his police report, inserting the wrong year for the date of the robbery.  Raygoza explained the police report was generated on January 14, 2012.

An officer with the Mendota Police Department read defendant his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant told Raygoza he had been read his rights, waived his rights, and agreed to allow Raygoza to question him about the robbery. Defendant admitted he participated in the Firebaugh robbery with a friend. Defendant admitted he held a gun while his friend held a knife during the robbery.

On September 5, 2013, the parties entered into a plea agreement. Defendant initialed and signed a felony advisement, waiver of rights, and plea form. Under the terms of the agreement, defendant would receive a stipulated prison sentence of nine years, receiving the aggravated term of five years for robbery and the midterm of four years for a gun enhancement pursuant to section 12022.5, subdivision (a). The allegation under section 12022.53, subdivision (b) would be dismissed. Defendant was advised of and waived his constitutional rights pursuant to *Boykin/Tahl*.[3] Defendant was further advised in the plea form of the consequences of his plea, and he agreed the police reports and preliminary hearing transcript formed the factual basis for his plea.

At the change of plea hearing, the trial court confirmed that defendant understood, initialed, and signed the plea form. Defendant pled no contest to the robbery allegation, admitted the gun use enhancement, and stipulated to a factual basis for the change of plea. The court granted the prosecutor's motion to dismiss the section 12022.53, subdivision (b) allegation. On October 3, 2013, the trial court sentenced defendant to the stipulated prison term of nine years. Defendant was ordered to pay fines and fees, including a restitution fine of $2,520 pursuant to section 1202.4. The court granted

---

The confusion over the date of the robbery continued when the People filed the information and the amended information, which both alleged the robbery occurred on January 14, 2012.

[3]*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

defendant actual custody credits of 586 days, conduct credits of 87 days, and total custody credits of 673 days.[4]  Defendant obtained a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court.  By letter on February 18, 2014, we invited defendant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The case is remanded for the trial court to amend the abstract of judgment to add one day of actual presentence custody credit, or 587 days, and one day of conduct credit, or 88 days, for total custody credits of 675 days.  The amended abstract of judgment shall be forwarded to the appropriate authorities.  The judgment is affirmed.

---

[4]Appellate counsel sent a letter to the trial court with a copy filed in this court on December 27, 2013, noting defendant was entitled to actual custody credits of 587 days and conduct credits of 88 days pursuant to section 2933.1.  The trial court apparently never replied to counsel's request for a recalculation of custody credits.  By our calculation, defendant is indeed entitled to two extra days of custody credits.  The error is clerical error that can be corrected any time on appeal.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.)  We will remand for the trial court to correct defendant's custody credits.

4.